# SUPERIOR COURT OF BALTIMORE CITY.

Filed June 19, 1918.

BAUGH CHEMICAL COMPANY OF BALTIMORE COUNTY
VS.
DAVISON CHEMICAL COMPANY OF BALTIMORE COUNTY.

*W. Irvine Cross, Frank R. Savidge* and *Lee S. Meyer* for plaintiff.

*Venable, Baetjer & Howard* for defendant.

DAWKINS, J.—

This case consumed so much time in its several trials—the trial now being reviewed being the third one in this court—and it has been so fully, ably and minutely tried that the court should not disturb the verdict of the jury unless some most cogent and compelling reason be adduced attesting error in the finding of the jury so that a real injustice may have been brought about by the verdict.

Full argument was had upon every question presented and every matter

was decided after the fullest and most careful consideration. Even though this be true, there should be no hesitation in having another trial if the ends of justice can be best subserved by such a procedure.

The real reasons urged for granting a new trial are only two in number, to wit:

(1) Because the jury have, in addition to the profit which the plaintiff would have made out of the undelivered acid, if it had received it, added an allowance of $8,048.48 for the cost in the production of acid phosphate in its plant due to the shortage in deliveries or in operating its plant on the acid which it did secure; and

(2) Because the jury have allowed the sum of about $10,922.77 for interest when no definite or certain time for the computation was given either by prayer or otherwise.

It is urged that the jury has ignored the court's instructions in allowing the item of $8,049.48 as a part of its verdict. This item was proven and referred to throughout the testimony and arguments. It would seem that it is not any more of a speculative character than the claim of $120,461, that is practically conceded. An allowance of it does not do violence to the principles established in the case of the Coal Tar Company in 65 Md. 73, which is the case very much followed in this proceeding. The narration of the facts that took place when the prayers were offered is entirely true.

Counsel for defendant did call attention to his belief that the modification of the second prayer would be a waiver of the item mentioned, but the plaintiff's counsel at the same time stated that it would have a right to call the jury's attention to it. Counsel did so without objection.

The court, when the second prayer was submitted, sustained the defendant's special exception to its being granted for the express reason stated in said exception, viz.:

"That no evidence has been offered to show that at the time of making the contract in suit the defendant was aware of the increased cost in the making of said phosphate that might be caused to the plaintiff by irregularity in its acid supply."

Because there was no direct evidence of such fact. There was no exception suggested to the latter portion of that prayer which stated that the jury might "add any amount of damage that they find the plaintiff has suffered by reason of the increased cost in the production of acid phosphate in its plant due to shortage in deliveries of acid by the defendant to the plaintiff under its contract during said period."

The plaintiff's consenting to the striking out of the latter portion of the prayer as indicated did not prevent it from recovering for increased cost in producing acid, when they were allowed to recover under the modified prayer for profits that they would have made if the acid had been delivered according to the contract.

Certain it is that the defendant's statement, with the plaintiff's express statement to the contrary, taken with the *real* reason for the court's action in sustaining the exception, gave no reason for the jury not to consider the item. Therefore the jury had a right, if they saw fit to do so, to include the said item in their verdict.

In the matter of the allowance of interest, the court is not so clear that it should be allowed. Request was made of counsel for the plaintiff to suggest in what way the interest could have been computed so as to make up the sum evidently allowed by the jury for that item, to wit, $10,922.77. With three or four guesses as to the possible way in which it might have been reached, none of them give the amount of the verdict, showing that it is utterly impossible to compute how the figures allowed were reached.

True it is that the court is not obliged to instruct as to allowing interest, nor is the jury compelled to have an instruction in order that the plaintiff may be entitled to it.

There is nothing, however, in the declaration nor in the accompanying account filed with it when the suit was brought indicating any interest claim. No definite time when interest commenced to run was given or could be given, for the simple reason no one could tell when the phosphate could have been sold and the profit made on it, or when there was a breach, except in so far as the monthly shortage would show. The jury should have some definite basis upon which to allow interest. They had none. How could they allow it? There were no

562

"circumstances of the particular case as disclosed at the trial" that would enable them to do it. Whilst the question of interest should be left to the jury in its discretion, it is the duty of the court to interfere if there is no discoverable way in which it could be allowed. An instruction is not necessary, but some data or proof should be offered to justify the allowance.

The cases cited by the plaintiff's counsel do not seem to establish any different principle from the one indicated. Whilst it might be fair if the plaintiff was entitled to recover when the suit was instituted, and the verdict of the jury establishes that fact, that it should be entitled to interest on the sum withheld from it from the time of such withholding, yet in cases such as this, notably the Coal Tar case, no interest was allowed.

It is never advisable for the judge to be the thirteenth juror, so as to prevent full force and effect to be given to the jury's verdict. The verdict should not be disturbed unless some manifest and gross injustice has been done. Especially is this observation pertinent in this case for the reasons stated in the beginning of this opinion.

I do not think that this question of interest is of sufficient moment to justify disturbing the verdict, especially as no objection was made to the allowance of interest when the argument was made by the plaintiff's counsel in stating his claim to the jury. There is no doubt about the propriety of the allowance of interest under the circumstances, though in my opinion it should not have been allowed.

I feel, therefore, that this is a case in which the parties should be put upon terms.

If the plaintiff signifies in writing on or before the 22nd day of June, 1918, its willingness to have a remittitur of $10,922.77 of the verdict entered, the motion for a new trial will be overruled, provided the defendant accedes to the same and waives his right to an appeal on or before June 24, 1918.

If the defendant refuses to accede in writing to said remittitur and to waiving his right of appeal on or before June 24, 1918, the remittitur will not be made and the motion will be over-ruled and the verdict for the full amount will be entered.

Should the plaintiff decline on or before the 22nd day of June, 1918, to consent to said remittitur, the motion for a new trial will be granted.